IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50270
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSÉ FERNANDO LUCERO-HERNANDEZ, also known as
José Hernandez Lucero,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-99-CR-1224-2-DB
--------------------
October 17, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

José Fernando Lucero-Hernandez ("Lucero") appeals from his conviction of possession with intent to distribute marijuana and conspiracy to possess with intent to distribute marijuana. Lucero contends that the Government infringed on his right to compulsory process of José Ayala. According to Lucero, the prosecutor made clear that Ayala would lose sentencing adjustments for acceptance of responsibility and his minor role in the offense were he to testify on Lucero's behalf, intimidating Lucero into invoking his privilege against self-

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

incrimination.  Lucero contends that the district court erred by permitting Ayala not to testify without stating personally that he was invoking his privilege against self-incrimination.

Lucero cannot demonstrate error, plain or otherwise, on his contention that the Government substantially interfered with his right of compulsory process, a contention that he raises for the first time on appeal.  *United States v. Thompson*, 130 F.3d 676, 686 (5th Cir. 1997), *cert. denied*, 524 U.S. 920 (1998); *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).  The record demonstrates that Ayala invoked his right against self-incrimination on the advice of counsel.  Neither counsel's comments that he wished to avoid losing the benefits of Ayala's plea bargain nor the prosecutor's recitation of the terms of his understanding with Ayala indicated that Ayala necessarily would be punished in any way were he to testify on Lucero's behalf.

Lucero has failed to brief adequately his contention that the district court erred by allowing Ayala not to testify without stating personally that he was invoking his privilege against self-incrimination.  *See United States v. Heacock*, 31 F.3d 249, 258 (5th Cir. 1994).  We do not consider that contention.

Lucero's appeal is frivolous.  *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).  The appeal therefore is dismissed.

APPEAL DISMISSED.  5TH CIR. R. 42.2.